**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 16-1047

REZA SHERKAT,
As Guardian of Shahram Sherkat and Individually,

Plaintiff, Appellant,

v.

NEW ENGLAND VILLAGE, INC.; GAIL T. BROWN, New England
Village, Inc., Executive Director and Individually;
GINGER SULLIVAN, New England Village, Inc., Director of
Residential Services and Individually; RUI CARREIRO,
New England Village, Inc., Clinical Director and Individually;
ELIN M. HOWE, Commissioner of Massachusetts Department of
Developmental Services; EDWARD FITZGERALD, Area Director for
Massachusetts Department of Developmental Services,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Indira Talwani, U.S. District Judge]

Before

Torruella, Lynch, and Barron,
Circuit Judges.

Thomas J. Frain, with whom C. Alex Hahn, Frank E. Bonanni,
and Frain and Associates were on brief, for appellant.
Christopher A. Callanan, with whom Kevin B. Callanan and
Stevenson McKenna & Callanan LLP were on brief, for appellees New
England Village, Inc., Gail T. Brown, Ginger Sullivan and Rui

Carreiro.

Jesse M. Boodoo, with whom Kenneth Y. Lee, Assistant Attorney General and Maura Healey, Attorney General of Massachusetts, were on brief, for appellee Elin M. Howe.

_____

October 18, 2016

_____

**Per Curiam**.  Reza Sherkat ("Sherkat"), on behalf of himself and as the guardian of Shahram Sherkat ("Shahram"), appeals the United States District Court for the District of Massachusetts's dismissal of the complaint he brought against New England Village, Inc. ("NEV"), three of its officers, Massachusetts Department of Developmental Services ("DDS") Commissioner Elin Howe, and another DDS official.

NEV is a private organization that receives funding from Massachusetts to provide community-based and residential services to individuals with intellectual disabilities.  In September 2014, Sherkat completed the application process to have Shahram, his now-thirty-nine-year-old son, receive services from NEV.  A month later, NEV officials responded that new DDS regulations forced NEV to stop planning for new admissions.  NEV subsequently sent Shahram a letter stating that although Shahram was "eligible for services at [NEV]," NEV did not foresee any openings for either a residential placement or community-based day services and would place Shahram on a waitlist.

Sherkat claims that NEV's rejection of Shahram violated the Fourteenth Amendment's Equal Protection Clause; section 504 of the Rehabilitation Act, 29 U.S.C. § 794; Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132; and the "free choice" provision of the Medicaid Act, 42 U.S.C. § 1396n(c)(2)(C).

Sherkat's complaint also included a count for negligent infliction of emotional distress against NEV officials based on Shahram's rejection causing Sherkat "physical and emotional harm." Additionally, Sherkat filed two claims against Howe and another DDS official claiming that DDS violated the Massachusetts Civil Rights Act, Mass. Gen. Laws ch. 12, § 11I, and sought injunctive relief "to take all necessary steps relative to the admission of Shahram to NEV."[1]

Upon de novo review, we conclude that the district court properly dismissed Sherkat's complaint. Pursuant to First Circuit Rule 27.0(c), we summarily affirm without adopting the district court's opinion.[2]

**So ordered**.

---

[1] Sherkat's complaint also contained counts for negligence and breach of contract against NEV officials, but Sherkat does not appeal their dismissal.

[2] In summarily affirming the district court's opinion, we take no position on the parties arguments as to whether there is a circuit split on the scope of rights conferred by § 1396n(c)(2)(C). Compare Ball v. Rodgers, 492 F.3d 1094, 1111 (9th Cir. 2007) ("[The Medicaid choice provisions, including § 1396n(c)(2)(C)] seek to guarantee that individual patients are informed of noninstitutional care options and that individual patients retain the right to make a choice based on this information."), with Bertrand ex rel. Bertrand v. Maram, 495 F.3d 452, 459 (7th Cir. 2007) (finding that § 1396n(c)(2)(C) "just requires the provision of information about options that are available" and "does not make any particular option 'available' to anyone").

-4-